**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY STILLS,

     Petitioner-Appellant,

v.

DONALD DORSEY, Warden,
Torrance County Detention Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

     Respondents-Appellees.

No. 00-2475

(D.C. No. CIV-98-664-BB/KBM)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner Anthony Stills, appearing pro se, seeks a certificate of

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appealability to appeal the district court's dismissal of his 28 U.S.C. § 2254 petition. We deny a certificate of appealability and dismiss the appeal.

Stills was convicted of felony murder, child abuse, criminal sexual penetration, kidnapping, and tampering with evidence, and was sentenced to consecutive terms of life imprisonment and thirty-nine years. His convictions were affirmed on direct appeal. State v. Stills, 957 P.2d 51 (N.M. 1998).

Stills filed his § 2254 habeas petition on June 3, 1998, alleging (1) the trial court abused its discretion in admitting the DNA analysis; (2) the court erred in failing to give a jury instruction on voluntary manslaughter; (3) the court erred in refusing to exclude carpet samples evidence; (4) prosecutorial misconduct; (5) the court erred in precluding a portion of expert testimony; (6) cumulative mistakes by the trial court required reversal; (7) ineffective assistance of counsel; and (8) insufficient evidence to support the convictions. The district court adopted the magistrate court's findings and recommendation and dismissed the petition.

On appeal, Stills contends the trial court abused its discretion in admitting the DNA analysis, in refusing to exclude carpet samples evidence, in excluding expert testimony, and in failing to give a jury instruction on voluntary manslaughter. Erroneous evidentiary rulings are not grounds for federal habeas relief unless the rulings render the state proceedings so fundamentally unfair as

to violate due process.  See Williamson v. Ward , 110 F.3d 1508, 1522-23 (10th Cir. 1997).  Since Stills' habeas petition was filed after April 23, 1997, the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) apply.  AEDPA requires federal courts entertaining federal constitutional claims that were first adjudicated on the merits in state court to give deference to the state court's analysis of those claims and to grant relief only where the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

### DNA Analysis

Stills argues that the trial court abused its discretion in admitting the DNA evidence because the polymerase chain reaction (PCR) method of DNA testing is invalid.  The trial court admitted the PCR results and expert testimony to explain the results pursuant to New Mexico Rule of Evidence 11-702.  On direct appeal, the New Mexico Supreme Court addressed the admissibility of the PCR method as a matter of first impression.   See Stills , 957 P.2d at 57-59.  After a thorough analysis, the court concluded the PCR method met the standard for expert evidence set out in   Daubert v. Merrell Dow Pharmaceuticals, Inc.   , 509 U.S. 579 (1993).  This determination was not contrary to federal law, and we defer to it. Cf. George Bundy Smith and Janet A. Gordon,    The Admission of DNA Evidence

3

in State and Federal Courts, 65 Fordham L. Rev. 2465, 2470 (1997) (noting that PCR analysis "has received overwhelming acceptance in the scientific community and the courts").

Stills' objections to the reliability of the PCR analysis go to the weight of the evidence rather than its admissibility. See State v. Anderson, 881 P.2d 29, 46 (N.M. 1994). The jury heard expert testimony from both sides regarding the accuracy of the PCR method. It was for the jury to determine the weight to give the DNA results in light of that testimony. The trial court did not abuse its discretion in admitting this evidence.

Carpet Samples Evidence

Pieces of carpet underneath the victim's body were tested for semen. The first test was negative and the carpet samples were frozen. Several months later, the samples were removed from the freezer and placed in an evidence room. The carpet samples were subsequently retested with a newly acquired, more powerful microscope, and the tests revealed semen in very small quantities. The samples were sent for PCR analysis, which was inconclusive. The samples were then refrozen.

Stills argues that by allowing the semen to degrade and by not sending the samples immediately for PCR analysis, the state prevented him from having potentially exculpatory evidence. Arizona v. Youngblood, 488 U.S. 51, 58

4

(1988), and California v. Trombetta, 467 U.S. 479 (1984), "govern cases in which the government no longer possesses the disputed evidence." United States v. Gomez, 191 F.3d 1214, 1218 (10th Cir. 1999). To establish a due process violation under Trombetta, the defendant must show that the evidence had exculpatory significance that would have been apparent before its destruction and that it was of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means. Gomez, 191 F.3d at 1218. Additionally, "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." Youngblood, 488 U.S. at 58.

Stills has failed to provide any evidence of bad faith on the part of the police. The initial testing revealed no semen so there was no reason to send the samples for DNA testing. The semen was found when the new microscope was used, and the samples were then promptly sent for testing. There is no showing that the police knew the samples contained evidence and deliberately allowed that evidence to deteriorate. The trial court did not abuse its discretion in admitting the carpet samples as evidence.

## Expert Testimony

Stills argues he should have been permitted to present an expert witness on rebuttal to testify that if Stills had hit the victim, his hand would have been

injured more than it was. The trial court disallowed the testimony because Stills did not timely disclose the fact that the expert would testify on that issue. See N.M. Rules Ann. § 5-502(A)(2).

The trial court has discretion to exclude testimony if the court determines the defense has withheld information for a tactical advantage. See McCarty v. State, 763 P.2d 360, 362 (N.M. 1988). The trial court stated that defense counsel was engaged in delaying tactics and that preclusion of testimony about Stills' hand was necessary to protect the integrity of the judicial system and efficient administration of justice. The trial court did not abuse its discretion in precluding this testimony.

## Instruction on Voluntary Manslaughter

Stills argues he was entitled to have the jury instructed on the lesser-included offense of voluntary manslaughter. Voluntary manslaughter is "manslaughter committed upon a sudden quarrel or in the heat of passion." N.M. Stat. Ann. § 30-2-3(A) (1978). A defendant is entitled to an instruction on voluntary manslaughter where there is evidence to support this theory of the case. See State v. Chamberlain, 819 P.2d 673, 678 (N.M. 1991). A defendant must demonstrate legally sufficient provocation, which is "sufficient evidence that the provocation was such as to cause a temporary loss of self control in an ordinary person of average disposition." State v. Taylor, 8 P.3d 863, 870 (N.M. Ct. App.

6

2000).

According to Stills, he and the victim argued, the victim pushed Stills, the victim swore at Stills, and the victim told Stills that her father would come from California and kill him. The trial court found that these facts were insufficient to show the necessary provocation for a voluntary manslaughter instruction.

It is well established that "no mere words, however opprobrious or indecent, are deemed sufficient to arouse ungovernable passion, so as to reduce a homicide from murder to manslaughter." State v. Trujillo, 203 P. 846, 847 (N.M. 1921); see also Sells v. State, 653 P.2d 162, 163-64 (N.M. 1982) ("words alone, however scurrilous or insulting, will not furnish adequate provocation to require submission of a voluntary manslaughter instruction"). The victim's curses and comments about her father were insufficient provocation. Further, there is no indication that anything the victim said would qualify as informational words under Sells. The victim's push was also insufficient provocation. See State v. Farris, 619 P.2d 541, 542 (N.M. 1980) (harsh words and poking in the chest not sufficient provocation for voluntary manslaughter instruction), overruled on other grounds, Sells, 653 P.2d at 164. The evidence presented was insufficient to suggest that an ordinary person of average disposition would be provoked. [1]

_____

[1] Stills suggests that a motorcycle injury and coma thirteen years prior to the murder mean he was not of average disposition. This argument was not

(continued...)

7

Therefore, the trial court did not abuse its discretion in declining to instruct the jury on voluntary manslaughter.

The request for a certificate of appealability is DENIED and the appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[1](...continued)
exhausted at the state court level. In addition, because the standard is an objective one, whether Stills is a person of average disposition is irrelevant. The question remains whether such a person would be provoked.   See State v. Parish , 878 P.2d 988, 995 (N.M. 1994).