619 P.2d 541
**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Hardy Ray FARRIS,**
**Respondent–Appellant.**

**No. 13010.**

Supreme Court of New Mexico.

Nov. 17, 1980.

Martha A. Daly, Appellate Defender, Santa Fe, for respondent–appellant.

Jeff Bingaman, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

OPINION

FEDERICI, Justice.

Defendant was convicted of first degree murder and sentenced to life imprisonment. He appeals, alleging a voluntary manslaughter instruction should have been given to the jury.

Defendant shot his wife on the morning of April 9, 1979 in the family home. Defendant had separated from his wife some time prior to the shooting. The testimony was that they had been married for about 20 years, and that during this time they had separated several times, always because of alleged "boyfriends" of the wife. There was evidence that during the final separation period, his wife's boyfriend and the boyfriend's brother had threatened defendant twice, and he bought a gun to protect himself. Defendant suffered from a nervous condition during this period. On the morning of the shooting, he arranged to meet with his wife, and went over to talk with her. A quarrel ensued, and she poked him in the chest and told him to leave her boyfriend alone, that the boyfriend could come into the house any time he wanted. Defendant relates that he does not remember what ensued; he "lost his head," and shot her.

The elements of voluntary manslaughter are stated in N.M. U.J.I. Crim. 2.20, N.M.S.A. 1978. If a defendant was sufficiently provoked by conduct which aroused anger, rage, fear, sudden resent-

ment, terror or some other extreme emotion, and the provocation was such that an ordinary person of average disposition would have lost self control and not yet cooled, the defendant is guilty of manslaughter rather than murder. *See State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979).

 in *State v. Benavidez,* 94 N.M. 419, 616 P.2d 419 (1980), we looked to several factors which might contribute to such provocation. They included prior bad acts of the victim directed at the defendant and members of defendant's family, prior threats of killing both defendant and a member of his family and a motion towards defendant at the time of the killing which could have been an attempt to strike defendant or move for a weapon. Of these circumstances, those most important are those within the res gestae of the killing. For there must be evidence of a sudden quarrel or heat of passion at the time of the commission of the crime. *Smith v. State,* 89 N.M. 770, 558 P.2d 39 (1976). We have also stated that "words alone, however scurrilous or insulting, will not furnish the adequate provocation required for this purpose. (Citation omitted.)" *State v. Nevares,* 36 N.M. 41, 44–45, 7 P.2d 933, 935 (1932). *See State v. Castro,* 92 N.M. 585, 592 P.2d 185 (Ct.App.1979), *cert. denied,* 92 N.M. 621, 593 P.2d 62 (1979).

Defendant's attempts to distinguish *Nevares* and *Castro* by claiming that the insulting words spoken there were sufficiently prior to the killing to have allowed the defendants to cool. Defendant claims that this was the true basis for finding lack of provocation at the time of the killing. Defendant's reliance is misplaced. We find no evidence in those cases that words alone can ever be sufficient provocation.

 In the case before us, there may well have been circumstances in the marital relationship which provoked defendant. But at the time of the killing, the only evidence of provocation consists of defendant's wife talking to him and poking him in the chest. We do not think the mere addition of poking in the chest to "words alone" is sufficient to show provocation at the time of the killing. Absent this essential element, a conviction of manslaughter could not be sustained. *Smith v. State, supra.* Therefore, it would not have been proper to give the jury a voluntary manslaughter instruction in this case.

The trial court is affirmed.

IT IS SO ORDERED.

EASLEY, Senior Justice, and PAYNE, J., concur.