622 P.2d 240

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Oliver Christobal MAESTAS, Defendant-Appellant.**

No. 13080.

Supreme Court of New Mexico.

Jan. 16, 1981.

Martha A. Daly, Appellate Defender, Melanie S. Kenton, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

FEDERICI, Justice.

This is a direct appeal from the defendant's conviction of first degree murder of Richard Horton (Count I) and the second degree murder with the use of a firearm of Rick Russell (Count II). Only the error as to Count II involving the death of Rick Russell is raised and presented by defendant and it is the only issue which will be reviewed by this Court.

The question on appeal involves the claimed error by the trial court in refusing to give the jury a requested instruction on voluntary manslaughter as to Count II. We reverse the trial court.

Defendant claims it was error for the trial court to refuse to instruct the jury in accordance with N.M.U.J.I.Crim. 2.20, N.M. S.A.1978, setting out the elements of voluntary manslaughter.

Voluntary manslaughter is defined as "the unlawful killing of a human being without malice ... committed upon a sudden quarrel or in the heat of passion." Section 30–2–3, N.M.S.A.1978. The existence of provocation distinguishes voluntary manslaughter from second degree murder. N.M.U.J.I.Crim. 2.20. Sufficient provocation reduces second degree murder to voluntary manslaughter.

■ Defendant is entitled to an instruction on voluntary manslaughter if there is some evidence to support it. *State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979). The evidence must be sufficient to support a conviction of voluntary manslaughter before an instruction can be given to the jury. *State v. Lujan*, 94 N.M. 232, 608 P.2d 1114 (1980); *Smith v. State*, 89 N.M. 770, 558 P.2d 39 (1976).

The State presented several witnesses who testified to altercations that took place outside a bar, to shots that were fired by defendant, and to various physical actions of the defendant and the two deceased persons, Horton and Russell. The defense did not produce or present any evidence.

The witnesses presented by the State testified that they saw the defendant and Russell arguing inside the bar and outside the bar, that Russell was quite intoxicated and he proceeded outside of the bar to the car where defendant was seated and that Russell either staggered or lunged towards the car. There is evidence that Russell even leaned in the car window. After Russell approached the car, three shots were heard and Russell fell. Defendant sped away in the car. Several of the witnesses went to where Russell lay and felt his pulse and determined that he had none. Several witnesses testified that near Russell's body they saw a knife on the ground. No one

saw Russell with the knife but all testified that the knife was near his body. He was not stabbed in any way. He had been shot. Detective Joe Garcia testified that following the incident he interviewed the owner of the Chevron station next door to the bar where the shooting occurred; that the owner was a former employer of Russell and that Russell owned a knife. When shown the knife that was found next to Russell on the night he was killed, the owner of the Chevron station stated that although he was unable to positively identify the knife as Russell's, it was similar to the knife Russell owned.

Based upon the facts mentioned above which appear in the record it was error for the trial court to refuse to instruct the jury on the crime of voluntary manslaughter. *See State v. Farris*, 1980, N.M., 619 P.2d 541 (1980); *State v. Benavidez*, 94 N.M. 706, 616 P.2d 419 (1980).

In *Farris*, this Court stated:

The elements of voluntary manslaughter are stated in N.M.U.J.I. Crim. 2.20, N.M.S.A. 1978. If a defendant was sufficiently provoked by conduct which aroused anger, rage, fear, sudden resentment, terror or some other extreme emotion, and the provocation was such that an ordinary person of average disposition would have lost self control and not yet cooled, the defendant is guilty of manslaughter rather than murder. *See State v. Manus*, 93 N.M. 95, 597 P.2d 280 (1979).

The trial court is reversed as to Count II involving the charge of second degree murder of the deceased Russell and the cause is remanded to the trial court for a new trial of defendant on Count II, consistent with this opinion.

IT IS SO ORDERED.

EASLEY, C. J., and SOSA, Senior Justice, concur.