653 P.2d 162
**Joseph SELLS, Petitioner,**

v.

**STATE of New Mexico, Respondent.**
**No. 14178.**

Supreme Court of New Mexico.

Oct. 18, 1982.

Paula G. Burnett, Kennedy & Steinmetz, Grants, for petitioner.

Jeff Bingaman, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

FEDERICI, Justice.

Joseph Sells petitioned this Court on a writ of certiorari to review the judgment of the Court of Appeals in *State v. Sells* (Ct.App. No. 5440, filed February 16, 1982), which affirmed the conviction of the defendant for the crime of murder in the second degree with a firearm enhancement. Mr. Sells was charged with deliberate first degree murder of his wife, Barbara Sells. The jury was instructed on first and second degree murder and on involuntary manslaughter. Mr. Sells' requested instruction on voluntary manslaughter was refused. The issue we decide on certiorari is whether the trial court erred in refusing to instruct on voluntary manslaughter. We hold that it did, and reverse.

It is necessary at the outset to set forth the facts and circumstances in this case that warranted the giving of the instruction on voluntary manslaughter. The evidence adduced at trial showed that there had been a series of heated arguments between Mr. Sells and his wife. The arguments occurred during the night and into the early morning when the fatal shot was fired about 5:00 a.m. The arguments occurred at several bars and finally at the family residence at Farmington, New Mexico. Both Mr. Sells and Mrs. Sells had been drinking heavily during the night and morning the shot was

fired. The arguments concerned Mrs. Sells' boyfriend. Mr. Sells was unaware of his wife's infidelity and sexual relationship with her boyfriend until the revelations were made to him that night and morning. Witnesses stated that Mr. Sells was dazed, shocked and stared at the ceiling after the revelations. The Sells' daughter testified that her father was unaware of Mrs. Sells' boyfriend before the revelations were made. Other witnesses staying at the family residence heard Mrs. Sells say to Mr. Sells, the morning the shot was fired, that she enjoyed her sexual relationship with her boyfriend. The extent of Mrs. Sells' relationship with her boyfriend became apparent to Mr. Sells as he realized that Mrs. Sells' recent trip to Phoenix, Arizona, was to be with her boyfriend. Also, it became apparent that an unusually large long-distance telephone bill involved Mrs. Sells and her boyfriend. A scuffle or struggle occurred between the parties just before the shot was fired. Mr. Sells shot Mrs. Sells fatally a short time afterwards as she sat at the kitchen table. Mr. Sells testified that he did not believe the .22 caliber handgun that fired the fatal shot was loaded. He also testified that he did not remember shooting his wife.

Mr. Sells argued before the trial court and in the Court of Appeals that voluntary manslaughter was a necessarily included lesser offense of first degree murder, requiring, at least, a submission of a jury instruction to that effect. The trial court did not instruct the jury on voluntary manslaughter. The Court of Appeals affirmed the trial court stating that it was bound by this Court's decision of *State v. Farris,* 95 N.M. 96, 619 P.2d 541 (1980), to the extent that words alone, no matter how scurrilous, cannot provide adequate provocation to support a voluntary manslaughter instruction.

This interpretation of *Farris, supra,* is too restrictive. Such a reading of *Farris* does not allow sufficient flexibility under relevant facts, and would prohibit submission of the jury instruction on voluntary manslaughter in appropriate cases. We note that both Section 30–2–3(A), N.M.S.A. 1978, which defines voluntary manslaughter, and N.M.U.J.I. Crim. 2.22, N.M.S.A. 1978 (Repl. Pamp.1982), which defines sufficient provocation, permit the instruction of voluntary manslaughter based upon broad concepts. Section 30–2–3(A) reads:

Voluntary manslaughter consists of manslaughter committed upon a sudden quarrel or in the heat of passion.

N.M.U.J.I. Crim. 2.22 defines sufficient provocation as:

[A]ny action, conduct or circumstances which arouse anger, rage, fear, sudden resentment, terror or other extreme emotions. . . .

Provocation "must be 'such as would affect the ability to reason and to cause a temporary loss of self control in an ordinary person of average disposition.'" *State v. Reynolds,* 98 N.M. 527, 650 P.2d 811 (1982). The provocation must concur with sudden anger or heat of passion and an ordinary person would not have cooled off before acting. *Id.*

■ In this case, Mr. Sells' contention is that there was sufficient provocation to properly warrant a voluntary manslaughter instruction. We agree. We believe there was credible evidence introduced at trial that tended to show that Mr. Sells could have been sufficiently provoked by action, conduct or circumstances which aroused in him anger, rage, sudden resentment, or other extreme emotions, all of which could have contributed in precipitating his actions. His wife had revealed to him that she had a lover, someone that apparently Mr. Sells knew. Mr. Sells was unaware of the clandestine relationship between his wife and her boyfriend until she revealed it to him. Mr. Sells appeared dazed or shocked. These facts, together with other facts already mentioned above, indicate that in the totality of the circumstances, the instruction of voluntary manslaughter should have been given to the jury.

■ We have no quarrel with the statement that words alone, however scurrilous or insulting, will not furnish adequate provocation to require submission of a voluntary

manslaughter instruction. *State v. Farris, supra; State v. Castro,* 92 N.M. 585, 592 P.2d 185 (Ct.App.), *cert. denied,* 92 N.M. 621, 593 P.2d 62 (1979); *State v. Nevares,* 36 N.M. 41, 7 P.2d 933 (1932). However, if there is evidence to raise the inference that by reason of actions and circumstances the defendant was sufficiently provoked, as defined in Section 30–2–3(A) or in N.M.J. U.I. Crim. 2.22, then the jury should be given the voluntary manslaughter instruction. N.M.U.J.I. Crim. 2.20, N.M.S.A. 1978 (Repl.Pamp.1982). *State v. Martinez,* 95 N.M. 421, 622 P.2d 1041 (1981). The fact that words were used in this case is not dispositive. It is well recognized that informational words, as distinguished from mere insulting words, may constitute adequate provocation. 2 C. WHARTON'S CRIMINAL LAW Section 156 (14 ed. 1979). Accordingly, "a sudden disclosure of an event (the event being recognized by the law as adequate) may be the equivalent of the event presently occurring." *Id.* at 249. *See also* W. LaFAVE, A. SCOTT, JR., CRIMINAL LAW, Section 76 (1972). Thus, the substance of the informational words spoken, the meaning conveyed by those informational words, the ensuing arguments and other actions of the parties, when taken together, could amount to provocation. The defendant is entitled to an instruction on voluntary manslaughter as a lesser included offense of murder in the first degree if there is evidence to support, or tending to support, such an instruction. *State v. Robinson,* 94 N.M. 693, 616 P.2d 406 (1980). In this case the record reflects that there was such evidence. Defendant was entitled to have the trial court instruct the jury on voluntary manslaughter.

■ Generally, it is for the jury to determine whether there is sufficient provocation under an appropriate instruction on voluntary manslaughter. *State v. Ulibarri,* 67 N.M. 336, 355 P.2d 275 (1960).

Various results have been reached in prior cases decided by this Court and the Court of Appeals, in the application of the term "provocation." Each case must be read and interpreted in the light of the facts in that particular case. *See State v. Reynolds, supra; State v. Farris, supra; State v. Maestas,* 95 N.M. 335, 622 P.2d 240 (1981); *State v. Martinez, supra; State v. Lujan,* 94 N.M. 232, 608 P.2d 1114 (1980); *State v. Robinson, supra; State v. Benavidez,* 94 N.M. 706, 616 P.2d 419 (1980); *State v. Manus,* 93 N.M. 95, 597 P.2d 280 (1979); *Smith v. State,* 89 N.M. 770, 558 P.2d 39 (1976). *State v. Marquez,* 96 N.M. 746, 634 P.2d 1298 (Ct.App.1981); *State v. Montano,* 95 N.M. 233, 620 P.2d 887 (Ct.App.1980); *State v. Ramirez,* 89 N.M. 635, 556 P.2d 43 (Ct. App.1976).

To the extent that *State v. Farris, supra,* or other cases decided by this Court or the Court of Appeals are inconsistent with the views announced in this case, they are hereby expressly overruled.

The trial court erred in refusing to instruct the jury on voluntary manslaughter. The Court of Appeals and the trial court are reversed and this cause is remanded to the trial court for granting of a new trial to the defendant.

IT IS SO ORDERED.

PAYNE, C.J., SOSA, Senior Justice, and RIORDAN, J., concur.