This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                          **NO. 31,277**

**JOSEPH SOLIZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Lisa C. Schultz, District Judge**

Gary K. King, Attorney General
Margaret E. McLean, Assistant Attorney General
Joel Jacobsen, Assistant Attorney General
Santa Fe, New Mexico

for Appellee

Law Offices of Craig C. Kling
Craig C. Kling
San Diego, CA

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant, Joseph Soliz, appeals from his misdemeanor conviction for battery on a household member, claiming the district court erred in refusing to admit two

letters purportedly written by Victim, who did not testify at Defendant's trial, in which she recanted the statements she made to a 911 operator. We conclude that the district court did not abuse its discretion in excluding the letters for lack of authentication pursuant to Rule 11-901(A) NMRA.

**BACKGROUND**

{2} On June 25, 2006, Defendant's girlfriend (Victim), called 911 from a neighbor's house to report that Defendant had violently attacked her with a heavy metal pole. Defendant was indicted on one count of aggravated battery against a household member with a deadly weapon; two counts of aggravated assault against a household member with a deadly weapon; and one count of battery against a household member. The State dismissed with prejudice the aggravated assault counts prior to trial.

{3} After Victim was excluded as a witness, Defendant filed two motions in limine to exclude the statements that Victim made to the 911 operator under the Confrontation Clause of the Sixth Amendment to the United States Constitution. The district court granted Defendant's motion and the State filed an interlocutory appeal. We reversed, holding that the admission of the statements Victim made to the 911 operator would not violate Defendant's rights under the Sixth Amendment because

the statements were nontestimonial. *State v. Soliz*, 2009-NMCA-079, ¶ 1, 146 N.M. 616, 213 P.3d 520.

{4} The case proceeded to trial. On the morning of trial, Defendant filed a motion in limine seeking to admit two handwritten letters allegedly written by Victim in which she denies the accuracy of the information she told to the 911 operator and asks that the charges against Defendant be dropped.[1] In one of the letters, the writer states, "I tripped over the curtain rod . . . and I fell and hit my elbow on the dresser." In the other letter, the writer states, "I ran towards [Defendant] and . . . I tripped and hit my elbow on the coffee table." Defendant argued that the letters constituted "an admission that [Victim] lied to police" and were admissible under Rule 11-806 NMRA and Rule 11-613 NMRA.

{5} After hearing argument from counsel, the district court stated it was "inclined to exclude [the letters]" and noted "we don't even know that they can be authenticated or any foundation laid." Defense counsel stated he intended "to authenticate these letters through testimony of [D]efendant, who is very familiar with [Victim's]

---

[1]"A 'motion in limine' is a term used to describe a written motion which is usually made before or after the beginning of a jury trial for a protective order *against* prejudicial questions and statements." *Proper v. Mowry*, 1977-NMCA-080, ¶ 17, 90 N.M. 710, 568 P.2d 236 (emphasis added) (emphasis, internal quotation marks, and citation omitted).

3

handwriting and they have lived together." The district court "agree[d] with the State" about "the difficulties that are being raised with respect to

 authentication" and tentatively ruled that the letters were inadmissible. Prior to opening argument, the district court denied Defendant's motion, concluding that the letters were hearsay not within a recognized exception and lacked authentication. After hearing additional argument from counsel, the district court explained that it was "very concerned about the authenticity of these documents" and found that the letters "lack the indicia of reliability, and that they are less probative than prejudicial."

{6}     The jury found Defendant guilty of battery against a household member and not guilty of aggravated battery against a household member. The district court sentenced Defendant to 364 days incarceration.

**DISCUSSION**

**Authentication of Letters**

{7}     In his brief in chief, Defendant contends the district court erred in excluding the letters because they were not offered to prove the truth of the matter asserted–and were thus not hearsay–but were instead offered to impeach Victim's credibility pursuant to Rule 11-613(B). *See State v. Lopez*, 2011-NMSC-035, ¶ 15, 150 N.M. 179, 258 P.3d 458 (recognizing that "[o]ut-of-court statements are not hearsay . . . if they are offered to impeach a witness on a material matter inconsistent with the

4

testimony presented at trial"). Defendant argues that the fact that Victim did not testify at trial is not relevant to the analysis because Rule 11-806 provides, in pertinent part, that "[w]hen a hearsay statement . . . has been admitted in evidence, the declarant's credibility may be attacked . . . by any evidence that would be admissible for [that purpose] if the declarant had testified as a witness."

{8}     In its answer brief, the State contends the district court correctly concluded that the letters were inadmissible pursuant to Rule 11-901(A) because they lacked authentication. The State asserts that "the [district] court always has discretion to conclude that a party's self-serving 'authentication' is inadequate." In other words, "[t]he sufficiency of authentication is entrusted to the discretion of the [district] judge and depends entirely on particular facts and circumstances."

{9}     In his reply brief, Defendant states that, based on his recollection of the record, "the authentication issue was never even considered by the [district] court." Defendant's appellate attorney notes that he did not "have the time or ability to retrieve the appellate record again [after reviewing the State's answer brief and] prior to filing [his] reply brief."

{10}     As an initial matter, we note that a reply brief, like a brief in chief, "shall contain . . . citations to authorities, record proper, [and] transcript of proceedings or exhibits relied on." Rule 12-213(A)(4), (C) NMRA. As our Supreme Court has stated,

"[W]e are not required to do their research, and . . . will not review issues raised in appellate briefs that are unsupported by cited authority. When a criminal conviction is being challenged, counsel should properly present this court with the issues, arguments, and proper authority." *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 (citation omitted); *see also State v. Barrera*, 2001-NMSC-014, ¶ 33, 130 N.M. 227, 22 P.3d 1177 (same).

**{11}** We have carefully reviewed the trial transcript and conclude that, contrary to Defendant's statement in his reply brief, the district court *did* consider the issue of authentication. While neither the parties nor the district court referenced Rule 11-901 explicitly, the district court clearly relied on lack of authentication as a basis for its decision. The district court concluded the letters were inadmissible because: (1) they were hearsay not within a recognized exception; (2) they lacked authentication; and (3) they were less probative than prejudicial. With respect to authentication, the district court initially stated that "we don't even know that [the letters] can be authenticated or any foundation laid." After defense counsel offered to authenticate the letters through Defendant's testimony, the district court "agree[d] with the State" about "the difficulties that are being raised with respect to authentication[.]" The district court later stated that it was "very concerned about the authenticity of these documents." Because the district court concluded that the letters were inadmissible in

part because they lacked authentication, we consider the State's argument on appeal, and find it to be dispositive.

{12} We review the district court's decision excluding the letters, like all evidentiary decisions, for an abuse of discretion. *See State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722 ("Rulings admitting or excluding evidence are generally reviewed for an abuse of discretion."); *see also State ex rel. State Highway Dep't v. Kistler-Collister Co.,* 1975-NMSC-039, ¶ 16, 88 N.M. 221, 539 P.2d 611 ("[T]he sufficiency of the foundation or authenticating evidence is a matter largely within the discretion of the [district] court[.]"). "We would find an abuse of discretion when the [district] judge's action was obviously erroneous, arbitrary[,] and unwarranted. Abuse of discretion has also been defined as being clearly against the logic and effect of the facts and circumstances before the court." *Campbell*, 2007-NMCA-051, ¶ 9 (internal quotation marks and citation omitted).

{13} While the district court could, perhaps, have resolved this issue differently, we perceive no abuse of discretion in its ruling. Prior to the 2012 amendment, Rule 11-901(A) (2011) stated, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."[2] Subsection (B) of

---

[2] Rule 11-901(A) was amended in 2012 to state: "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce

7

Rule 11-901 provides various methods by which a proffered item of evidence can be authenticated or identified. A handwritten document may be authenticated, for example, by "[c]omparison by the trier of fact or by expert witnesses with specimens which have been authenticated." Rule 11-901(B)(3) (2011).

{14} Defendant contends the district court erred as a matter of law in rejecting his proffer that he himself could identify the handwriting based on his familiarity with Victim's handwriting. Rule 11-901(B)(2) (2011) does provide that a handwritten document may be authenticated by "[n]onexpert opinion as to the genuineness of handwriting, based upon familiarity not acquired for purposes of the litigation." While the district court could, arguably, have allowed Defendant to authenticate the letters, we are aware of no authority requiring it to do so. We read Rule 11-901(A) (2011) as giving the district court the responsibility of determining the threshold question of whether "the matter in question is what its proponent claims." The record reflects that the district court was not satisfied that the proffered letters were what Defendant claimed–that is, letters written by Victim recanting the story she told to the 911 operator.

---

evidence sufficient to support a finding that the item is what the proponent claims it is." The Committee Commentary states that the rule was amended to be consistent with the restyling of the Federal Rules of Evidence, and the change was intended to be stylistic only.

**{15}** Defendant claims he "was not given the opportunity to seek another person to authenticate the letters because the [district] court essentially dismissed them as not being authentic . . . based upon an erroneous hearsay analysis." Defendant fails to recognize that, as the proponent of the letters, he had the burden of establishing authentication. Defendant chose to raise the issue on the morning of trial and, despite the district court's obvious and repeated concerns about authentication, never offered anything other than Defendant's testimony to authenticate the letters. Defendant did not, for example, offer to submit a specimen of Victim's handwriting for purposes of comparison by the jury; nor did Defendant offer any expert testimony.

**{16}** On the facts and circumstances presented, we cannot characterize the district court's ruling as clearly untenable or not justified by reason. *See State v. Apodaca*, 1994-NMSC-121, ¶ 23, 118 N.M. 762, 887 P.2d 756 ("We cannot say the [district] court abused its discretion by its [evidentiary] ruling unless we can characterize it as clearly untenable or not justified by reason." (internal quotation marks and citation omitted)). The letters were not notarized or submitted with an affidavit; in addition, they were undated, unpaginated, and contained crossed out words. The context of the letters also supports the district court's decision. The letters contained detailed information about the reporting of Defendant's alleged crimes, information that was presumably known to only a few people, including Defendant, Victim, and members

9

of law enforcement. If these letters were a forgery, they were most likely forged by Defendant, as he had the most to gain from Victim's supposed recanting of her story.

{17} As we have recognized in a similar context, the district court is in the best position to determine whether proffered evidence meets the requisite evidentiary standard. *Cf. State v. Ramirez*, 1976-NMCA-101, ¶ 40, 89 N.M. 635, 556 P.2d 43 ("The [district] court is still the best judge whether evidence tendered as a public record or compiled in regular course meets the standard of trustworthiness and reliability which will entitle the record to stand as evidence of issuable facts."), *holding limited on other grounds as stated in Sells v. State*, 1982-NMSC-125, ¶ 9, 98 N.M. 786, 653 P.2d 162. We believe the district court's explanation of its reasons for excluding the letters "show[s] that it exercised its discretion and reached a result a judge reasonably might reach on the arguments and evidence. That is all we require to sustain a discretionary determination." *State v. Johnson*, 1997-NMSC-036, ¶ 40, 123 N.M. 640, 944 P.2d 869. We thus conclude that the district court did not abuse its discretion in excluding the letters for lack of authentication. Because we conclude that the district court did not err, we do not consider whether any error in excluding the letters would have been harmless.

**Ineffective Assistance of Counsel, Violation of Sixth Amendment**

**{18}** Defendant also asks us to consider, as an alternative, whether defense counsel was ineffective for failing to raise a Sixth Amendment or Confrontation Clause argument when the letters allegedly written by the Victim were excluded. Essentially, he is arguing that the letters should have been admitted because otherwise he has been denied the right to confront the absent witness, Victim. This alternative argument fails.

**{19}** For purposes of his ineffective assistance of counsel claim, Defendant must show that counsel's performance fell below that of a reasonably competent attorney and that defendant was prejudiced by the deficient performance. *State v. Nguyen*, 2008-NMCA-073, ¶ 28, 144 N.M. 197, 185 P.3d 368. The burden of proof is on the defendant to prove both prongs. *Id.* Even if counsel's performance was somehow deficient, Defendant has failed to show that there was a reasonable probability that the outcome in this case would have been different. Consequently, we conclude that Defendant has not established a prima facie case of ineffective assistance of counsel. *See Headly v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (explaining that the appellate court does not review undeveloped arguments or guess at what the arguments might be).

**CONCLUSION**

**{20}** We affirm Defendant's conviction for battery on a household member.

11

{21}     **IT IS SO ORDERED.**


                                                     _____
                                                     **M. MONICA ZAMORA, Judge**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**

12