This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                    **NO. 35,283**

**STEVEN DYE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina T. Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Josephine H. Ford, Assistant Public Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**GARCIA, Judge.**

{1}     Defendant Steven Dye (Defendant) appeals from his jury trial conviction of two

counts of aggravated assault with a deadly weapon. [RP 84-85, 113, 119] Defendant argued in his docketing statement this Court should reverse his convictions because the district court improperly denied Defendant's proposed defense of property jury instruction. [DS 4] This Court issued a notice proposing to summarily affirm on the ground that Defendant was not justified in using force against City Workers (the Victims) who were acting lawfully, and any perceived threat of being locked inside the house ended once Defendant was able to squeeze outside from under the garage door. [CN 4–5] Defendant filed a memorandum in opposition in which he does not respond to the issue of his proposed defense of property instruction. We therefore deem Defendant's issue regarding a defense of property jury instruction abandoned. *See State v. Salenas*, 1991-NMCA-056, ¶ 2, 112 N.M. 268, 814 P.2d 136 (holding where a party has not responded to this Court's proposed disposition of an issue, that issue is deemed abandoned).

{2} Defendant instead moves this Court to amend his docketing statement pursuant to Rule 12-208(F) NMRA to add three new issues: (1) this Court should overrule case law holding specific intent is not an element of aggravated assault [MIO 2]; (2) the evidence is insufficient to show Defendant acted in a way that could have caused a bystander to reasonably fear an immediate battery [MIO 6-7]; and (3) Defendant was entitled to a necessity defense. [MIO 8] The essential requirements to show good

cause for our allowance of an amendment to an appellant's docketing statement are: (1) the motion be timely, (2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *superseded by statute as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. While none of the issues raised in the motion to amend were preserved below, Defendant argues the issues can be raised for the first time on appeal, because they amount to fundamental error. *See* Rule 12-321(B)(2)(c) NMRA. [MIO 1,2] For the reasons that follow, we deny Defendant's motion to amend the docketing statement because the issues raised are not viable.

{3}     Defendant first argues that this Court should overrule case law holding a conviction for aggravated assault does not require proof of specific intent and should reverse on the ground that the jury instruction allowing a conviction based on general intent was fundamentally flawed. [MIO 2–5] Defendant relies on *State v. Branch*, in which this Court addressed a similar argument. 2016-NMCA-071, 387 P.3d 250, *cert. granted*, 2016-NMCERT-007, ___ P.3d ___ (No. 35,951, July 28, 2016). This Court acknowledged, while the defendant's argument that proof beyond general criminal intent was required in other jurisdictions and had some support, it is not the law in New Mexico. *Id.* ¶¶ 12-13. In *Branch* this Court noted, "[i]n *State v. Manus*, our

Supreme Court . . . confirmed that general criminal intent is all that is required to support a conviction of aggravated assault[.]". *Branch*, 2016-NMCA-071, ¶ 14; *see State v. Manus*, 1979-NMSC-035, ¶ 12, 93 N.M. 95, 597 P.2d 280, *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 9-10, 98 N.M. 786, 653 P.2d 162. We point out, while *Branch* and *Manus* involved bystanders to the battery of another person, the victims in this case were the direct subjects of the aggravated assault and were not bystanders. *Branch*, 2016-NMCA-071, ¶ 14; *Manus*, 1979-NMSC-035, ¶ 3. Nonetheless, the same logic and burden applies.

**{4}** Beyond arguing this Court should overrule *Branch* and *Manus* because our Supreme Court has granted review of *Branch*, Defendant does not demonstrate this Court's ability to overrule established precedent requiring proof of only general criminal intent to commit aggravated assault. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that this Court must follow applicable precedents of the Supreme Court). We therefore decline to reconsider *Branch* and *Manus*. Because our law does not require proof beyond general criminal intent to support a conviction for aggravated assault, we conclude the jury instruction was not flawed, and there was no error. Accordingly, we hold this issue is not viable.

**{5}** Defendant next argues the evidence was insufficient to prove the victims could

have reasonably feared an immediate battery. [MIO 6–8] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). The reviewing court "view[s] the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{6}** In order to prove Defendant committed aggravated assault against each of the victims, the State was required to prove, in pertinent part,

    1. [D]efendant chased [the Victims];

    2. [D]efendant's conduct caused [the Victims] to believe [D]efendant was about to intrude on [the Victims'] bodily integrity or personal safety by touching or applying force to [the Victims] in a rude, insolent or angry manner;

    3. A reasonable person in the same circumstances as [the Victims] would have had the same belief;

    4. [D]efendant used a sword[.]

*See* UJI 14-305 NMRA. [RP 96–97] Defendant recited the following facts in his

docketing statement: while Defendant was cleaning inside the home on the day of the incident, two city workers returned to finish boarding the remaining windows and doors with plywood because the home had been declared sub-standard; while Defendant was inside, the workers boarded the back door of the house, apparently the only exterior door that was not boarded when Defendant arrived; when Defendant heard the plywood being screwed over the back door, he ran to the door and began kicking it and using a samurai sword to try and remove the plywood but was unsuccessful; with the sword still in his hand, Defendant ran to the garage and was able to squeeze outside through an opening below the garage door; Defendant confronted the city workers in front of the house; Defendant asserts he was near the garage and was holding the sword by the blade and was pointing it down during the confrontation; the city workers testified they were in fear for their lives. [DS 2–3]

{7}     Defendant argues the evidence is insufficient because the State did not present any evidence of threats or menacing conduct by Defendant. [MIO 7] In support of his argument the evidence was insufficient, Defendant points out the Victims did not testify Defendant chased them, swung the sword at them, or tried to strike them, and Defendant was holding the sword pointing downward and by its blade when he encountered the Victims. [MIO 7] However, as we noted above, Defendant emerged from the garage with a sword in his hand and confronted the Victims, and the Victims

6

testified they feared for their lives. [DS 3] "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *Rojo*, 1999-NMSC-001, ¶ 19; *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). Thus, we defer to the jury's determination regarding the credibility of the Victims' testimony and the reasonableness of their fear and decline to re-weigh the facts regarding whether Defendant did not chase them, swing the sword, or attempt to strike them. Therefore, we hold the facts were sufficient to show the Victims could have reasonably feared an immediate battery. Accordingly, we deny Defendant's motion to amend his docketing statement because his challenge to the sufficiency of the evidence is not a viable issue.

{8}     Defendant lastly argues the district court erred in failing to *sua sponte* provide a jury instruction justifying Defendant's actions based on necessity or duress, pursuant to UJI 14-5130 NMRA. [MIO 8-10] . Because it does not appear Defendant preserved the issue of a necessity instruction, we review for fundamental error. *See State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (stating, where instructional error is not preserved, we review for fundamental error). A defendant is entitled to jury instructions on his theory of the case if there is evidence to support the

instruction. *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69.

{9}     The duress instruction, as applicable to this case, provides: "Evidence has been presented that the defendant was forced to [escape the house and encounter the city workers with a samurai sword] under threats. If the defendant feared immediate great bodily harm to himself or another person if he did not commit the crime and if a reasonable person would have acted in the same way under the circumstances, you must find the defendant not guilty." UJI 14-5130. While we can speculate as to the harm Defendant may have suffered had he been trapped inside the house, Defendant was not under threat by the Victims when he found a way to escape through the garage. Instead, the evidence tends to show the Victims inadvertently closed Defendant into the house. Moreover, Defendant resolved the threat when he squeezed out from under the garage door [DS 3]; the samurai sword did not aid him in escaping the house. No evidence was presented showing Defendant was threatened by the Victims after he escaped the house or that he feared immediate great bodily harm if he did not escape the house still armed with the sword. Defendant argues his continued possession of the sword after he had gotten out of the house "indicate[s] . . . he may have intended to use the sword to try to take off the plywood from the outside so that he could finish some work inside the house[.]" [MIO 8] Defendant's argument his continued possession of the sword was justified during his encounter

8

with the city workers because he intended to use the sword to get back into the house is unavailing. Because Defendant has not demonstrated any facts supporting a duress instruction, we hold that the lack of such an instruction does not amount to fundamental error. Therefore, we conclude Defendant's issue regarding a duress instruction is not viable.

{10}     For the reasons explained above, we deny Defendant's motion to amend his docketing statement and affirm his convictions.

{11}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**JULIE J. VARGAS, Judge**