This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                     **NO. A-1-CA-35318**

**SHELLEY WALTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Laurie Blevins, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

**{1}** Defendant was found guilty by a jury of felony (fourth offense) driving while intoxicated (DWI) in violation of NMSA 1978, Section 66-8-102(C)(1) and (G) (2010, amended 2016). Defendant appeals, arguing that the district abused its discretion in (1) admitting irrelevant, prejudicial testimony in the State's case in chief that Defendant had researched a possible defense to DWI resulting from her diabetes; and (2) allowing the admission of a police officer's opinion as unqualified medical testimony that Defendant's diabetes did not result in ketoacidosis at the time of her arrest. We reverse.

**BACKGROUND**

**{2}** This a memorandum opinion and because the parties are familiar with the facts and procedural posture of the case, we set forth only such facts and law as are necessary to decide the merits.

**{3}** At the beginning of the case, at a hearing set for a proposed guilty plea, defense counsel advised the district court and the prosecutor that Defendant has diabetes and that her condition might have affected the breath tests given to her. In fact, the trial was continued four times to give counsel a chance to secure an expert witness. Defense counsel finally advised the district court that the defense would not be presenting an expert at trial, but Defendant's treating physician, Dr. Lancaster, might be called to testify that Defendant suffered from ketoacidosis, which would have elevated her breath test results. The district court refused to

2

grant an additional continuance and ruled that Dr. Lancaster would not be allowed to testify.

{4}     At trial, Officer Justin Mitchell testified that, on October 14, 2013, he was dispatched to the Walmart in reference to a report of a female who appeared intoxicated, was stumbling, and appeared to be considering getting into a vehicle and driving away. Within minutes of receiving the report, Officer Mitchell arrived at Walmart and observed the female, later identified as Defendant, getting into a vehicle and having difficulty driving out of her parking space, nearly hitting another vehicle. Officer Mitchell initiated a stop of Defendant's vehicle. Upon making contact with Defendant, Officer Mitchell noticed a strong odor of alcohol on her and her eyes were bloodshot and watery. Defendant admitted to Officer Mitchell that she was the individual who stumbled in the parking lot and that she had two brandy alcoholic beverages prior to going to Walmart that day. Based on his observations and concerns about Defendant's ability to drive, Officer Mitchell requested that Defendant submit to field sobriety testing, which Defendant failed. Officer Mitchell placed Defendant under arrest for DWI, processed her at the police station, and administered a breath alcohol test, which showed that Defendant had a 0.10 breath alcohol level at the time of the testing.

{5}     The foregoing evidence is all that was required for the State to secure a conviction for per se DWI under the instructions given to the jury. However,

3

knowing that Defendant was not going to present any expert testimony on the possible effect of her medical condition on the breath tests, the State was allowed to present evidence and argument to the jury that Defendant was in fact relying on such a defense, and that Defendant knew the defense to be false. Specifically, the prosecutor emphasized Defendant's research into the defense in opening statement, during direct examination of Melissa Sitts, in presenting the rebuttal testimony of Officer Mitchell, and in closing argument.

{6}     In opening statements the prosecutor argued to the jury that after her arrest, Defendant admitted to Ms. Sitts that she drank and drove but then changed her story and started doing research on her diabetes as a possible defense to the DWI.

{7}     Ms. Sitts was allowed to testify in the State's case in chief before Defendant presented any argument or evidence, that *after Defendant consulted with her attorney*, Defendant "came up with this defense of the diabetes causing her actions and causing her to be arrested. She had done some research on the internet, and [Defendant] showed [Ms. Sitts] some papers at one point of research that [Defendant] had gotten off the internet showing what she felt was the defense of the diabetes being the reason for her actions." Ms. Sitts also testified that Defendant did not state that she actually had a diabetic episode at the time of her arrest, but Defendant was still researching diabetes as a possible defense.

**{8}** As a practical matter, admission of Ms. Sitts' testimony effectively forced Defendant—the only possible witness that could rebut the inference presented by Ms. Sitts that Defendant's research was motivated by the desire to fabricate a defense—to testify that while she has diabetes, counsel had not suggested such would constitute a defense. Then, on cross-examination, when the prosecutor asked Defendant if she had a scientific basis to dispute the breath test result, Defendant said she did not but attempted to explain that in her research she found an article from a credible source. Defendant was not allowed to describe what she had learned because the prosecutor interrupted and objected that Defendant was being non-responsive, and the district court sustained the objection on hearsay grounds.

**{9}** Defendant's testimony and cross-examination then opened the door for allowing the State to call Officer Mitchell as a rebuttal witness. Officer Mitchell testified that he is a licensed emergency medical technician, has received training on diabetes, has responded to an individual having a diabetic episode, is able to distinguish between intoxicated behavior and ketoacidosis-related behavior, and that during his encounter with Defendant, she displayed no indications of ketoacidosis.

**{10}** In closing arguments to the jury, the State pointed out that Defendant had no scientific basis to dispute that breath test results, and that according to Officer

Mitchell, Defendant did not present any of the symptoms of ketoacidosis at the time of her arrest.

**DISCUSSION**

{11}   Defendant contends that the district court abused its discretion in allowing the admission of Ms. Sitts' testimony in the State's case in chief, arguing that the evidence was irrelevant, had no probative value, and was unduly prejudicial.

**Standard of Review**

{12}   "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *State v. Lopez*, 2018-NMCA-002, ¶ 30, 410 P.3d 226 (internal quotation marks and citation omitted). "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case." *Id.* (internal quotation marks and citation omitted). In addition, a district court "abuses [its] discretion when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Aragon v. Brown*, 2003-NMCA-126, ¶ 9, 134 N.M. 459, 78 P.3d 913.

**Analysis**

{13}   The State argues that it is not an abuse of discretion to admit relevant evidence. "The determination of relevancy is a discretionary ruling by the district court which will not be disturbed absent an abuse of that discretion." *State v.*

*Lujan*, 1980-NMSC-036, ¶ 13, 94 N.M. 232, 608 P.2d 1114, *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶ 9, 98 N.M. 786, 653 P.2d 162. The State then argues that Ms. Sitts' testimony concerning Defendant's research into diabetes as a possible defense to DWI was relevant because it "suggested that Defendant knew she was guilty of having committed the crime of driving with an illegal blood alcohol level[.]" In the facts of this case, we are unpersuaded. "Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence, and . . . the fact is of consequence in determining the action." Rule 11-401 NMRA. There is no element of intent in per se DWI under Section 66-8-102(C)(1) ("It is unlawful for . . . a person to drive a vehicle in this state if the person has an alcohol concentration of eight one hundredths or more in the person's blood or breath within three hours of driving the vehicle and the alcohol concentration results from alcohol consumed before or while driving the vehicle[.]"). The elements instruction given to the jury was limited to these statutory elements. Moreover, as Defendant points out, DWI is a strict liability offense, not requiring proof of intent. *See State v. Gurule*, 2011-NMCA-042, ¶ 20, 149 N.M. 599, 252 P.3d 823.

{14}     Ms. Sitts' testimony thus had no tendency to make a fact of consequence in determining the action more or less probable than it would have been without the evidence. Specifically, it had no tendency to either establish that Defendant

7

operated a motor vehicle or that within three hours of driving, Defendant had an alcohol concentration of eight one-hundredths (0.08) grams or more in two hundred ten liters of breath. In short, the testimony was irrelevant and inadmissible. "Irrelevant evidence is not admissible." Rule 11-402 NMRA. Accordingly, we conclude that the district court abused its discretion in admitting Ms. Sitts' testimony regarding Defendant's research into diabetes as a possible defense to DWI in the State's case in chief. *See State v. Maxwell*, 2016-NMCA-082, ¶ 15, 384 P.3d 116 (determining that the defendant's testimony that he created financial statements at the victim's request was properly excluded, in part, as irrelevant where the testimony was not probative of any element of any offense charged).

{15} Our appellate courts "review improperly admitted evidence for non-constitutional harmless error." *State v. Serna*, 2013-NMSC-033, ¶ 22, 305 P.3d 936. "Non-constitutional error is harmless when there is no reasonable probability the error affected the verdict." *Id.* (emphasis, alteration, internal quotation marks, and citation omitted). In determining whether impermissible evidence contributed to a defendant's conviction, "[w]e evaluate all of the circumstances surrounding the error. This requires an examination of the error itself, which could include an examination of the source of the error and the emphasis placed upon the error."

*State v. Garcia*, 2013-NMCA-064, ¶ 17, 302 P.3d 111 (omission, internal quotation marks, and citation omitted).

**{16}** We cannot say there is no reasonable probability the improper evidence did not affect the verdict. The State acknowledges that the result of the initial admission of Ms. Sitts' testimony was to put Defendant's credibility into question before she even testified. The State was able to argue, with Ms. Sitts' testimony, that Defendant admitted to drinking alcohol and knew she was guilty of DWI, but after consulting with counsel, changed her story to blame her elevated blood alcohol level on diabetes. The State also had Ms. Sitts testify that Defendant showed her an article Defendant found in her internet research concerning this potential defense, knowing Defendant had no expert witness to support that defense. This "defense" was injected into the case by the State itself with its first witness, and at the same time, put Defendant's credibility into issue. This maneuver effectively forced Defendant to testify. Without testifying, the State's evidence that Defendant was being deceptive would go unchallenged. Then, when Defendant attempted to disclose what the article was that she claimed to have discovered, she was not allowed to disclose its contents. The effect was that the State had opened its own door to offer Officer Mitchell's testimony in rebuttal that Defendant was not exhibiting any signs of a diabetic episode. Having itself introduced the "defense," the State was then able to refute it, and then argue that

9

the "defense" was unavailing. A great part of the trial was therefore spent on arguing Defendant's credibility and whether the "defense" introduced by the State in its case in chief was valid.

{17}    The initial evidence allowing the State to pursue its strategy was not relevant and it was inadmissible. The State was the source of the error, and it placed emphasis on the factual issue it created itself in seeking a conviction on a basis that was not relevant to the charge. We conclude that the admission of the evidence that Defendant researched diabetes as a defense to DWI and changed her story was not harmless and resulted in reversible error.

{18}    Because we reverse on the issue of the admission of the irrelevant evidence of Defendant's research into diabetes as a possible defense to DWI, we do not reach Defendant's second argument that the district court erred in failing to exclude the testimony of Officer Mitchell concerning Defendant's medical conditions as unqualified expert testimony.

**CONCLUSION**

{19}    Defendant's conviction for DWI is reversed, and we remand the case for a new trial in accordance with this opinion.

{20}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

10

**WE CONCUR:**

_____
**J. MILES HANISEE, Judge**

_____
**EMIL J. KIEHNE, Judge**