This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38796**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**THOMAS MANES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** Defendant appeals from the district court's judgment and sentence, convicting him for burglary of an automobile. Unpersuaded that Defendant's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Defendant has responded to notice with a memorandum in opposition. We remain unpersuaded and affirm.

**{2}** On appeal, Defendant challenges the sufficiency of the evidence to support his conviction. [DS 5; MIO 3-6] Our notice set forth the applicable law, standard of review, the evidence presented, and our assessment of that evidence. To avoid the

unnecessary duplication of efforts, we do not state the contents of our notice and focus only on the arguments made in response thereto.

**{3}** Defendant's response provides its own summary of the evidence presented, [MIO 1-3] but does not specifically challenge any statement in our recitation of the evidence. He contends the evidence was insufficient to prove beyond a reasonable doubt that he intended to commit a theft in the vehicle. [MIO 5-6] Defendant asserts that the evidence left the jury to improperly speculate why he entered the vehicle without authorization and then rode off on his bicycle. [MIO 5-6] We disagree.

**{4}** "Intent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." *State v. Duran*, 2006-NMSC-035, ¶ 7, 140 N.M. 94, 140 P.3d 515 (internal quotation marks and citation omitted). More specifically, "[i]ntent may be proved by inference from the surrounding facts and circumstances." *State v. Kent*, 2006-NMCA-134, ¶ 15, 140 N.M. 606, 145 P.3d 86 (internal quotation marks and citation omitted). Here, the evidence—that Defendant was on a bicycle at night, stopped to open the door of a car on the street without the permission of the owner, entered the vehicle, rummaged around its very messy cabin, and left fairly quickly [RP 160]—supports a reasonable inference that Defendant entered the vehicle with the intent to commit a theft, but did not immediately see anything of value in the messy vehicle, and quickly left. *See State v. Office of the Pub. Def. ex rel. Muqqddin*, 2012-NMSC-029, ¶ 41, 285 P.3d 622 ("The gravamen of the offense of burglary has always been the unauthorized entry with felonious intent[,] and "[t]he crime of burglary is complete when there is an unauthorized entry with the requisite intent." (internal quotation marks and citation omitted)); *see also State v. Castro*, 1979-NMCA-023, ¶ 19, 92 N.M. 585, 592 P.2d 185 ("The burglarious intent can be reasonably and justifiably inferred from the unauthorized entry alone."), *overruled on other grounds by Sells v. State*, 1982-NMSC-125, ¶¶ 7-10, 98 N.M. 786, 653 P.2d 162. Applying our law of burglary to the current facts, we are not persuaded that jury had to rely on pure speculation to conclude that Defendant"entered a vehicle without authorization . . . with the intent to commit a theft when inside." [1 RP 174]

**{5}** For the reasons stated in our notice and in this opinion, we hold that sufficient evidence was presented to support Defendant's conviction. Accordingly, we affirm the district court's judgment and sentence.

**{6}** **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**