This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38907

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RONNIE CHRISTOPHER GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant has appealed his convictions for second degree murder and tampering with evidence. We previously issued a notice of proposed summary disposition, proposing to uphold the convictions. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion to amend, and affirm.

**{2}** In his docketing statement Defendant challenged the sufficiency of the evidence to support the second degree murder conviction. The bulk of the memorandum in opposition constitutes a renewal of that argument.

**{3}** As we briefly summarized in the notice of proposed summary disposition, the State presented eyewitness testimony, a video recording, and various items of real evidence, which clearly established that Defendant and Victim were involved in an altercation, Defendant stabbed Victim with a knife causing his death, and Defendant subsequently discarded both a bloody sweatshirt and the knife after fleeing the scene. [DS 3, 6] This evidence supplies adequate support for the conviction. *See, e.g.*, *State v. Gurule*, 2004-NMCA-008, ¶ 39, 134 N.M. 804, 82 P.3d 975 (upholding the sufficiency of the evidence to support a conviction for second degree murder, in light of testimony that the defendant and the victim had been an altercation in the course of which the victim was fatally stabbed, the defendant had a knife that was capable of producing the victim's fatal injury, the defendant was apprehended after fleeing from the scene, and the knife was subsequently recovered from the defendant's vehicle).

**{4}** In his memorandum in opposition Defendant continues to urge this Court to reweigh the evidence, specifically with respect to the elements of knowledge, lack of sufficient provocation, and absence of self-defense. [MIO 1-2, 7-21] In so arguing, Defendant focuses entirely upon his own version of the events, contending that he feared for his life, that Victim's assault upon him either justified his conduct or constituted sufficient provocation, and that he did not realize what he was doing when he fatally stabbed Victim. Defendant's arguments run afoul of our standard of review, which requires us to view the evidence and all reasonable inferences in the light most favorable to the verdict. *State v. Riley*, 2010-NMSC-005, ¶ 12, 147 N.M. 557, 226 P.3d 656. "Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Ultimately, "[s]o long as a rational jury could have found beyond a reasonable doubt the essential facts required for a conviction, [this Court] will not upset a jury's conclusions." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. (emphasis, internal quotation marks, and citation omitted).

**{5}** Applying the foregoing principles, we reject Defendant's suggestion the jury was required to credit his assertions that he did not know he had stabbed Victim. [MIO 19-21] *See State v. Foxen*, 2001-NMCA-061, ¶ 17, 130 N.M. 670, 29 P.3d 1071 (observing that the jury is not obligated to believe the defendant's testimony, to disbelieve or discount conflicting testimony, or to adopt the defendant's view). As we previously noted, [CN 3] the jury could rationally have inferred that Defendant knew what he was doing, and that stabbing Victim created a strong probability of death or serious injury. *See generally State v. Dowling*, 2011-NMSC-016, ¶¶ 22-23, 150 N.M. 110, 257 P.3d 930 (noting that "a defendant will rarely concede subjective knowledge of the danger his conduct posed to others[,]" explaining a defendant's actions can act as indicia of subjective knowledge, and indicating that circumstantial evidence alone can sustain a finding of subjective knowledge).

**{6}** The jury was similarly at liberty to conclude that Defendant did not act as a result of sufficient provocation, or in self-defense. Although the evidence that Victim argued with Defendant and struck him might have been capable of supporting a different result,

that is not the relevant inquiry on appeal. *See State v. James*, 1989-NMCA-089, ¶ 11, 109 N.M. 278, 784 P.2d 1021 ("The question is not whether substantial evidence would have supported an opposite result but whether such evidence supports the result reached."). As we previously observed, [CN 4-5] the jury could reasonably have determined that Victim's conduct neither rose to the level of sufficient provocation, nor justified Defendant's use of deadly force. *See State v. Munoz*, 1992-NMCA-004, ¶ 6, 113 N.M. 489, 827 P.2d 1303 ("Whether a particular set of circumstances is sufficient provocation is generally a question for the jury to decide."); *see also Sells v. State*, 1982-NMSC-125, ¶ 8, 98 N.M. 786, 653 P.2d 162 ("Generally, it is for the jury to determine whether there is sufficient provocation[.]"); *State v. Hunter*, 2001-NMCA-078, ¶ 16, 131 N.M. 76, 33 P.3d 296 ("Particularly in light of the fact that the victim was unarmed and the jury did not have to believe the defense theory, it was for the jury to determine whether Defendant used an amount of force necessary under the circumstances[.]"). As a reviewing court, we cannot second-guess the jury's determination. *See generally State v. Bennett,* 2003-NMCA-147, ¶ 20, 134 N.M. 705, 82 P.3d 72 (recognizing the limited role of the reviewing court, relative to the assessment of evidence).

**{7}** Finally, we turn to the motion to amend, by which Defendant seeks to add a challenge to the sufficiency of the evidence to support his conviction for tampering with evidence. [MIO 21-22] This argument is contingent upon a successful challenge to the second degree murder conviction. [MIO 22] For the reasons previously articulated, we reject that challenge. Accordingly, we conclude that the issue which Defendant seeks to add is not viable. We therefore deny the motion to amend. *See, e.g.*, *State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007.

**{8}** Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

**{9}    IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**BRIANA H. ZAMORA, Judge**

**SHAMMARA H. HENDERSON, Judge**