534 P.2d 776

STATE of New Mexico, Plaintiff-Appellee,

v.

Booker T. WINGATE, Jr., Defendant-Appellant.

No. 1533.

Court of Appeals of New Mexico.

April 9, 1975.

Chester H. Walter, Jr., Chief Public Defender, Bruce L. Herr, App. Defender, Robert R. Rothstein, Asst. App. Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The dispositive issue is whether larceny is a lesser offense included within robbery.

The indictment charged defendant with armed robbery. The jury was instructed on armed robbery and the lesser offense of robbery. Section 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973). Defendant requested instructions on larceny under $100.00. Section 40A–16–1, N.M.S.A.1953 (2d Repl. Vol. 6). The requested instructions were refused. Defendant was convicted of robbery. He contends the requested instructions on larceny should have been given. We agree.

It is not contended that the requested instructions were incorrect. Section 41–23–41(g), N.M.S.A.1953 (2d Repl. Vol. 6, Supp.1973).

Defendant has the right to have instructions on lesser included offenses submitted to the jury. This right depends on there being some evidence tending to establish the lesser offenses. State v. Anaya, 80 N.M. 695, 460 P.2d 60 (1969). There was evidence from several defense

witnesses which tended to establish larceny.

To be a lesser included offense the larceny must be "necessarily included" within the robbery. Section 41–23–44(d), N.M.S. A.1953 (2d Repl. Vol. 6, Supp.1973).

2 Wharton's Criminal Law and Procedure (Anderson) § 547 at 246–47 (1957) states:

"Larceny, although an essential element of the offense of robbery, is distinguished primarily on the basis of the violence which precedes or accompanies the taking. The presence of violence, actual or constructive, is an essential ingredient of robbery, but not of larceny. Thus, robbery is a compound or aggravated larceny, composed of the crime of larceny from the person with the aggravation of force, actual or constructive, used in the taking."

Robbery, in New Mexico, is an aggravated form of larceny. See the discussion in State v. Puga, 85 N.M. 204, 510 P. 2d 1075 (Ct.App.1973). This is demonstrated by comparing the definition of larceny with the definition of robbery.

Section 40A–16–1, supra, states: "Larceny consists of the stealing of anything of value which belongs to another."

Section 40A–16–2, supra, states: "Robbery consists of the theft of anything of value from the person of another or from the immediate control of another, by use or threatened use of force or violence."

Because robbery is an aggravated larceny, larceny is necessarily included within the offense of robbery. Walker v. United States, 135 U.S.App.D.C. 280, 418 F.2d 1116 (1969); Lamore v. United States, 78 U.S.App.D.C. 12, 136 F.2d 766 (1943); see generally, Annot., 11 A.L.R. Fed. 173, § 13 (1972). See State v. Eckles, 79 N.M. 138, 441 P.2d 36 (1968).

The other issue raised by defendant is that the trial court ordered defendant to disclose his attorney's work product to the prosecution. The record is insufficient to review this contention.

The trial court erred in refusing defendant's requested larceny instructions. The judgment and sentence are reversed. The cause is remanded with instructions to grant defendant a new trial.

It is so ordered.

SUTIN and HERNANDEZ, JJ., concur.