This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-36885**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PAUL LAWRENCE BELL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Benjamin Chavez, District Judge**

Hector H. Balderas, Attorney General
Marko D. Hananel, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant Paul Lawrence Bell appeals his conviction for battery upon a peace officer, in violation of NMSA 1978, Section 30-22-24(A) (1971). Defendant argues that the district court improperly denied his request for a lesser included offense instruction for resisting or abusing an officer, in violation of NMSA 1978, Section 30-22-1(D) (1981). For the reasons that follow, we agree with Defendant and reverse and remand for a new trial.

**BACKGROUND**

**{2}** Police were called to the scene of a disturbance at an apartment complex. Officers Herbst and Montoya responded to the call. They learned that Defendant and another man had gotten into an argument and that Defendant allegedly had pointed a gun at the man. The officers found Defendant in an upstairs apartment, patted him down, had him go down to the parking lot, and spoke with him about the incident. Officer Herbst then asked Defendant to walk toward the officers; instead of doing so, Defendant fled. The officers chased after Defendant and managed to tackle him to the ground. While officers tried to subdue Defendant, Officer Herbst repeatedly warned Defendant to stop resisting. During the struggle, Officer Montoya told Officer Herbst that Defendant tried to bite him; then Officer Herbst tased Defendant. After being tased, Defendant laid on his back and did not follow commands to roll over and give the officers his hands. Officer Herbst then tased Defendant a second time. While being tased, Defendant flailed on the ground and kicked Officer Herbst in the upper chest. Officer Herbst was wearing a bulletproof vest and did not sustain any injuries from the kick. Eventually, Defendant was handcuffed and taken into custody.

**{3}** As relevant to this appeal, the State charged Defendant with battery upon a peace officer for having kicked Officer Herbst. At trial, defense counsel requested a lesser included offense instruction corresponding to that charge. Specifically, defense counsel asked for an instruction allowing the jury, with reference to the kick, to consider Defendant's guilt regarding resisting or abusing an officer if it had a reasonable doubt about his guilt regarding the battery upon a peace officer. The district court denied the request, reasoning that a jury could not rationally acquit Defendant of the greater offense but convict him of the lesser. As relevant to this appeal, the jury convicted Defendant of battery upon a peace officer for having kicked Officer Herbst.

**{4}** Defendant now appeals the conviction. He challenges only the district court's refusal to give the lesser included offense instruction.

**DISCUSSION**

**{5}** The propriety of denying a lesser included offense instruction presents a mixed question of law and fact that we review de novo. *State v. Gaitan*, 2002-NMSC-007, ¶ 10, 131 N.M. 758, 42 P.3d 1207. In undertaking our review, we view the evidence "in the light most favorable to the giving of the requested instruction." *State v. Henley*, 2010-NMSC-039, ¶ 25, 148 N.M. 359, 237 P.3d 103 (internal quotation marks and citation omitted).

**{6}** We previously have explained the necessity of lesser included offense instructions:

> The purpose of a lesser-included-offense instruction when requested by the defendant is to protect the defendant from the possibility that jurors who are not convinced of his guilt of the charged offense would

nonetheless convict him of the offense because they are convinced that he committed a crime (the lesser-included offense) and believe that he should be punished but are presented with an all-or-nothing choice between convicting of the charged offense or acquittal.

*State v. Andrade*, 1998-NMCA-031, ¶ 11, 124 N.M. 690, 954 P.2d 755. In cases where an appropriate lesser included offense instruction is not given, "[t]here is a legitimate concern that conviction of the greater offense may result because acquittal is an alternative that is unacceptable to the jury." *Id.* (internal quotation marks and citation omitted).

**{7}**  A district court's failure to instruct the jury on a lesser included offense of a charged offense is reversible error when: "(1) the lesser offense is included in the greater, charged offense; (2) there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed; and (3) the defendant has tendered appropriate instructions preserving the issue." *State v. Jernigan*, 2006-NMSC-003, ¶ 21, 139 N.M. 1, 127 P.3d 537. In this appeal, only the second requirement is at issue. With regard to this requirement, we consider whether "there is a rational view of the evidence that would lead the jury to conclude beyond a reasonable doubt that [the d]efendant committed the lesser included offense while still harboring a reasonable doubt that [the d]efendant committed the charged offense." *Id.* ¶ 23 (internal quotation marks and citation omitted). Stated slightly differently, we consider whether "the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser." *State v. Meadors*, 1995-NMSC-073, ¶ 12, 121 N.M. 38, 908 P.2d 731; *see Jernigan*, 2006-NMSC-003, ¶¶ 20-25 (examining whether the distinguishing element between the greater and lesser offenses was supported by sufficient evidence to warrant giving a lesser included offense instruction); *see also State v. Nozie*, 2009-NMSC-018, ¶¶ 37, 41, 146 N.M. 142, 207 P.3d 1119 (concluding a lesser included offense instruction should have been given when the jury could have found that the elements belonging to the greater offense, but not the lesser, were absent).[1]

**{8}**  We agree with the parties that, under the facts of this case, the distinguishing element between the greater and lesser offenses is whether Defendant's "conduct caused" a "meaningful challenge" to Officer Herbst's authority, as required for battery upon a peace officer in this case.[2] UJI 14-2211 NMRA (battery upon a peace officer);

---

[1] The parties cite to both the *Jernigan* and *Meadors* tests in discussing whether a lesser included offense instruction was warranted in this case. It is not clear from case law when one test might apply instead of the other. Regardless, both tests are substantially similar for purposes of our analysis here and our holding remains the same under either.

[2] To sustain a conviction for battery upon a peace officer, the State must prove unlawfulness as set out in *State v. Padilla*, 1997-NMSC-022, ¶ 2, 123 N.M. 216, 937 P.2d 492, by establishing that a defendant's conduct caused an actual injury to the officer, caused an actual threat to the safety of the officer, or caused a meaningful challenge to the authority of the officer. In this case, it is undisputed that Officer Herbst suffered no actual injury. As for Defendant posing an actual threat to the safety of Officer Herbst, Defendant argues he could not have presented such a threat. While the State briefly counters that "a jury may well have found that [the kick] posed a real danger

*see also State v. Jones*, 2000-NMCA-047, ¶ 12, 129 N.M. 165, 3 P.3d 142 (noting that "even if some offensive conduct . . . does not always rise to the level of [battery upon a peace officer], it may still be punishable . . . as resisting, evading, or obstructing an officer," under Section 30-22-1(D)). We repeatedly have held that whether a defendant's actions amount to a meaningful challenge to an officer's authority depends on "the context in which the battery arose" and is a question "best left to juries to decide using their collective common sense and wisdom as a guide." *Jones*, 2000-NMCA-047, ¶ 14; *see also State v. Cooper*, 2000-NMCA-041, ¶ 11, 129 N.M. 172, 3 P.3d 149 ("[A] battery is not judged in a vacuum. It must be viewed in light of the factual setting to determine whether an actual threat to safety or a meaningful challenge to authority occurred.").

**{9}** The State nonetheless argues that a lesser included offense instruction was not warranted in this case because Defendant's conduct was "much greater" than that at issue in *Jones* and *Cooper*, in which this Court examined the "meaningful challenge to authority" element. But as the State acknowledges, this Court did not address whether lesser included offense instructions were warranted in those cases. Instead, *Jones* and *Cooper* stand for the proposition that whether evidence constitutes a meaningful challenge to authority depends on the context of the defendant's conduct and is for the jury to decide. *See Jones*, 2000-NMCA-047, ¶¶ 2, 15 (concluding that whether spitting phlegm on an officer from the rear seat of the officer's vehicle constitutes a meaningful challenge to authority depends on the context and is a jury question); *id.* ¶¶ 5, 18 (concluding that whether throwing urine on a jailer and spitting on a jailer constitutes a meaningful challenge to authority depends on the context and is a jury question); *Cooper*, 2000-NMCA-041, ¶ 6 (concluding that whether slapping an officer's hand away amounts to a meaningful challenge to authority is a jury question). That the State might characterize Defendant's kick as "much greater" than spitting phlegm on an officer's face or throwing urine on a jailer, does not resolve whether a rational juror could determine that Defendant's conduct did not constitute a meaningful challenge to authority.

**{10}** In this case, Defendant testified that he felt he had done nothing wrong and that throughout the episode, he was not trying to hurt anyone. He further testified that he was in a compromised mental state after being tased and could not remember anything. If believed, this evidence could introduce doubt that Defendant's kick constituted a meaningful challenge to Officer Herbst's authority. *See Cooper*, 2000-NMCA-041, ¶ 6 (providing that the defendant's testimony that she did not intend to challenge the officer's authority could rebut the charge that her battery constituted a meaningful challenge to that authority). In other words, a jury might rationally find that the kick, when considered in context—occurring as it did when Defendant was lying on the ground while being tased—amounted to simple battery and did not constitute a meaningful challenge to Officer Herbst's authority. *See Jones*, 2000-NMCA-047, ¶ 10 ("[T]he jury must be directed to look to the surrounding circumstances to determine whether a battery is merely offensive in the ordinary civil sense, or whether it rises to the level of 'unnecessary danger' envisioned by the definition of unlawfulness in *Padilla*,

to Officer Herbst," the State nevertheless assumes that the appeal involves only a meaningful challenge to the officer's authority and addresses this element alone. We thus limit our analysis accordingly.

1997-NMSC-022, ¶ 8."); *cf. State v. Diaz*, 1995-NMCA-137, ¶ 17, 121 N.M. 28, 908 P.2d 258 ("If the jury were persuaded by the testimony indicating that [the d]efendant was intoxicated and defiant of the police, but he did not intend to threaten the police with the knife, or the police were not reasonably in fear of [the d]efendant, the jury could have concluded that the highest degree of offense committed by [the d]efendant was 'resisting or abusing' the officers in violation of Section 30-22-1(D).").

**{11}** When viewing the evidence in the light most favorable to Defendant's request for the lesser included offense instruction, we conclude sufficient evidence existed for a jury to determine that Defendant's kick was not a meaningful challenge to the officer's authority and that resisting or abusing was the highest degree of crime committed. *See Jernigan*, 2006-NMSC-003, ¶ 21. Put another way, whether Defendant's kick constituted a meaningful challenge to the officer's authority was sufficiently disputed for a rational jury to acquit Defendant of the greater offense and convict him of the lesser. *See Meadors*, 1995-NMSC-073, ¶ 12. Therefore, Defendant was entitled to a lesser included offense instruction for resisting or abusing an officer, under Section 30-22-1(D), and the district court erred by denying that instruction.

**CONCLUSION**

**{12}** For the foregoing reasons, we reverse Defendant's conviction for battery upon a peace officer and remand for a new trial consistent with this opinion.

**{13} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**