This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39185

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellee,

v.

**JAMES EBERT,**

　　　Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Laurie Blevins, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** A jury convicted Defendant James Ebert of two counts of aggravated assault upon a peace officer in violation of NMSA 1978, Section 30-22-22(A)(1) (1971), and one count of unlawful carrying of a deadly weapon on school premises in violation of NMSA 1978, Section 30-7-2.1 (1994).[1] Defendant appeals these convictions, arguing that (1) the district court erred by refusing Defendant's request for jury instructions on resisting,

---

[1]Defendant was also convicted of disorderly conduct, in violation of NMSA 1978, Section 30-20-1(A) (1967), and resisting, evading, or obstructing an officer, contrary to NMSA 1978, Section 30-22-1(B) (1981), but has not challenged these convictions in this appeal.

evading, or obstructing an officer (resisting) as a lesser included offense of the aggravated assault counts and by failing to modify the uniform jury instruction for aggravated assault upon a peace officer; (2) the State presented insufficient evidence to support his convictions; and (3) the district court improperly polled the jury. For the reasons that follow, we affirm Defendant's conviction for unlawfully carrying a deadly weapon on school premises. However, because we conclude that Defendant was entitled to have the jury instructed on resisting as a lesser included offense of aggravated assault upon a peace officer, we reverse Defendant's convictions for aggravated assault and hold that sufficient evidence exists to support remand for a new trial on those counts.

## DISCUSSION

### I. Instructional Errors

**{2}** Defendant raises two preserved claims of error relating to the jury instructions for aggravated assault upon a peace officer: (1) the jury should have been instructed on resisting as a lesser included offense of aggravated assault on a peace officer, and (2) the UJI for aggravated assault on a peace officer should have been modified. We agree with Defendant's first argument but reject his second.

### A. Defendant Was Entitled to Have the Jury Instructed on Resisting as a Lesser Included Offense of Aggravated Assault on a Peace Officer

**{3}** We first address Defendant's argument that the district court erred in denying his request for instructions on resisting or abusing an officer, contrary to Section 30-22-1(D), as a lesser included offense of aggravated assault on a peace officer. Defendant's two convictions for aggravated assault stem from the same twenty-minute encounter but concern different police officers, Officer Garrett (Count 2) and Officer Alonzo (Count 3).

**{4}** We review de novo the district court's refusal to instruct the jury on a lesser included offense. *State v. Munoz*, 2004-NMCA-103, ¶ 10, 136 N.M. 235, 96 P.3d 796. "Failure to instruct the jury on a lesser included offense of a charged offense is reversible error if: (1) the lesser offense is included in the greater, charged offense; (2) there is evidence tending to establish the lesser included offense and that evidence establishes that the lesser offense is the highest degree of crime committed; and (3) the defendant has tendered appropriate instructions preserving the issue." *State v. Jernigan*, 2006-NMSC-003, ¶ 21, 139 N.M. 1, 127 P.3d 537. In this case, only the second element is in dispute. *See State v. Diaz*, 1995-NMCA-137, ¶ 14, 121 N.M. 28, 908 P.2d 258 (holding that resisting in violation of Section 30-22-1(D) is a lesser included offense of aggravated assault on a peace officer).

**{5}** As a preliminary matter, to the extent the State contends that the only element distinguishing aggravated assault from resisting in this case was the use of a deadly weapon, we disagree. As Defendant correctly notes, "[T]he main elements distinguishing the two offenses are whether the defendant engaged in conduct that was merely resistive and abusive versus conduct that was actually menacing or threatening; whether the

officer feared an immediate battery as a result; and whether that fear was reasonable." *Compare* § 30-22-22(A)(1) (defining "aggravated assault upon a peace officer" as "unlawfully assaulting or striking at a peace officer with a deadly weapon while he is in the lawful discharge of his duties")*, and* UJI 14-2202 NMRA (setting forth the essential elements of aggravated assault on a peace officer), *with* § 30-22-1(D) (stating that "[r]esisting, evading or obstructing an officer consists of . . . resisting or abusing any . . . peace officer in the lawful discharge of his duties"); *see generally State v. Jimenez*, 2017-NMCA-039, ¶ 39, 392 P.3d 668 (stating that "[o]ur cases illustrate that another way a person can violate Subsection (D) is by avoiding doing something required, including refusing to comply with an officer's orders").

{6}     In this case, there is evidence tending to establish the crime of resisting and that resisting is the highest degree of crime committed by Defendant. *See Diaz*, 1995-NMCA-137, ¶ 8. Officers encountered Defendant in the midst of a mental health crisis, yelling and pacing back and forth with a machete and a knife in his hands in the parking lot of an elementary school around eleven o'clock p.m. Five officers arrived at the scene, and the entire twenty-minute incident is captured on the officers' lapel cameras. Video from three of these cameras were made exhibits at trial and played for the jury.

{7}     During the encounter, Defendant yelled at the officers and refused to comply with their repeated commands to drop the machete. The videos showed Defendant continuously walking back and forth, swinging his arms and occasionally gesturing with the weapons in his hands. Throughout the encounter, he remained at a distance from the officers; he never came closer than approximately forty to fifty feet to Officer Garrett and no closer than thirty to forty feet to Officer Alonzo. After about twenty minutes, Defendant walked away from the officers into a public housing area, at which point he dropped the machete and small knife. Defendant appeared in the area of the school again minutes later, and the officers were able to approach and apprehend him at that point.

{8}     Much like *Diaz*, the evidence here was sufficient to show that Defendant "was only resisting officers, and not menacing or threatening them," such that the highest degree of offense committed by Defendant was "resisting or abusing" the officers in violation of Section 30-22-1(D). *See Diaz*, 1995-NMCA-137, ¶¶ 16-23 (holding under similar facts that the defendant was entitled to an instruction on resisting in violation of Section 30-22-1(D) as a lesser included offense of aggravated assault on a peace officer). A jury could reasonably have concluded from the video evidence that Defendant did not pose a threat to the officers because he maintained his distance from the officers and never raised his weapons or advanced on them as if to attack. As well, the jury heard conflicting evidence about whether Defendant verbally threatened the officers while holding a weapon. Officer Garrett, for example, admitted that Defendant's words were more akin to challenges and not threats, and also testified that Defendant never made any threatening statements to him during the entire encounter. From this evidence, the jury could reasonably have concluded that Defendant resisted the officers but that his conduct did not objectively threaten their safety. *See Diaz*, 1995-NMCA-137, ¶ 18.

**{9}** Likewise, the jury was presented with conflicting evidence regarding the officers' subjective fear of an imminent battery. At trial, Officer Garrett testified that he believed Defendant was going to attack him with the machete. Officer Alonzo similarly testified that he thought he "could have been attacked" and feared for his life because of "the distance, the deadly weapon, and the aggression [of Defendant]." However, the jury also received video from Officer Alonzo's lapel camera where, while waiting for the machete and knife to be photographed, Officer Alonzo asked a fellow officer, "So what, besides resisting, what charge do we have?" The officer responded, "We can—we're all in fear of being attacked." Officer Alonzo replied, "He never advanced. He never advanced, though." In light of this, the jury may have declined to credit the officers' testimony regarding their subjective fear of Defendant and could reasonably have concluded "that the officers had no reason to fear" Defendant. *See id.* ¶ 22; *see also id.* ¶ 19 (holding that "[i]f the jury believed the testimony that [the d]efendant challenged and directed profanity at the officers while holding a weapon, but did not actively threaten or menace them, then [the d]efendant could have been found guilty of resisting by abusing the officers").

**{10}** Because the evidence was sufficient to establish the crime of resisting and that resisting was the highest degree of crime committed, we hold that the district court erred by denying Defendant's request for instructions on the lesser included offense. *See id.* ¶ 19. We therefore reverse Defendant's convictions for aggravated assault upon a peace officer.

**{11}** Finally, because it bears on our decision to remand for retrial, we briefly address Defendant's claim that there was insufficient evidence to support his convictions for aggravated assault upon a peace officer. *E.g., State v. Hernandez*, 2017-NMCA-020, ¶ 30, 388 P.3d 1016. Defendant argues that the evidence did not establish the subjective or objective elements of the offense. Applying the standard of review for challenges to the sufficiency of the evidence set forth in *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829, we view the conflicting evidence set forth above regarding the subjective and objective elements of the offense in the light most favorable to the State and conclude that "a rational jury *could* have found beyond a reasonable doubt the essential facts required for conviction." *Id.* (internal quotation marks and citation omitted). Accordingly, we remand for retrial on both counts.

## B. The District Court Did Not Err in Declining to Modify the Uniform Jury Instruction for Aggravated Assault Upon a Peace Officer

**{12}** Because the issue is likely to arise again on remand, we briefly address Defendant's argument that the district court erred in refusing to modify UJI 14-2202 for aggravated assault upon a peace officer. The jury was instructed consistently with UJI 14-2202 that it must find Defendant's conduct caused the officer to believe Defendant "*was about to intrude on*" the officer's bodily integrity or personal safety. (Emphasis added.) Defendant contends the uniform jury instruction failed to clearly communicate that the officer must fear an "imminent" battery and submitted a proposed instruction that changed the emphasized language to say that Defendant "*posed an imminent threat to*" the officer's bodily integrity or personal safety. (Emphasis added.)

**{13}** It is well established that instructions that follow the language of the uniform jury instructions are "presumptively valid." *State v. Taylor*, 2021-NMCA-033, ¶ 21, 493 P.3d 463 (internal quotation marks and citation omitted); *see also State v. Ortega*, 2014-NMSC-017, ¶ 32, 327 P.3d 1076 (stating that "[u]niform jury instructions are presumed to be correct"). Likewise, the district court was bound to give the uniform jury instruction without substantive modification. *See State v. Anderson*, 2016-NMCA-007, ¶ 24, 364 P.3d 306. Notwithstanding this, we also agree with the State that the instructions adequately conveyed that the officer must have feared imminent battery because the term "about to" is synonymous with the term "imminent." Because the instructions provided an accurate rendition of the law, we conclude the district court properly rejected Defendant's proffered modifications to UJI 14-2202.[2]

## II. Sufficient Evidence Supports Defendant's Conviction for Unlawfully Carrying a Deadly Weapon on School Premises

**{14}** Finally, Defendant argues there is insufficient evidence to support his conviction for unlawfully carrying a deadly weapon on school premises because, in his view, Section 30-7-2.1 was only meant to apply when school or school-related activities were occurring on the premises. While framed as a challenge to the sufficiency of the evidence, Defendant's argument "fundamentally challenges whether the evidence in this case constitutes the charged offense." *State v. Quintin C.*, 2019-NMCA-069, ¶ 6, 451 P.3d 901. Thus, to address Defendant's sufficiency of the evidence claim, "we must first evaluate the statutory standard required to sustain a conviction." *Id.* "After reviewing the statutory standard, we apply a substantial evidence standard to review the sufficiency of the evidence at trial." *Id.* (internal quotation marks and citation omitted).

**{15}** "The crime of unlawful carrying of a deadly weapon on school grounds consists of carrying a deadly weapon on school premises." *State v. Salazar*, 1997-NMCA-043, ¶ 8, 123 N.M. 347, 940 P.2d 195; *see* § 30-7-2.1. Section 30-7-2.1(B) defines "school premises" as:

> (1) the buildings and grounds, including playgrounds, playing fields and parking areas and any school bus of any public elementary, secondary, junior high or high school in or on which school or school-related activities *are being operated* under the supervision of a local school board; or

> (2) any other public buildings or grounds, including playing fields and parking areas that are not public school property, in or on which public school-related and sanctioned activities are being performed.

---

[2]Defendant also raised an unpreserved argument regarding the order of the elements set forth in the UJI for aggravated assault on a peace officer—in a nutshell, that the instruction is inadequate and unclear because it places an intervening element between the subjective and objective elements of the offense. In light of our reversal on other grounds, we decline to exercise our discretion to review whether the instructions resulted in fundamental error.

(Emphasis added.)

**{16}** Pointing to the emphasized language, Defendant argues in a single sentence that a temporal limitation is self-evident from the plain language of Section 30-7-2.1(B)(1). The State responds that the statutory language "does not limit itself in any way except with the definition of 'school premises,' which delineates the places to which the unlawful carrying statute applies. There is no reason to read . . . a temporal limitation into the subsection." (Citation omitted.) We agree with the State that Section 30-7-2.1 does not plainly contain a temporal limitation. Defendant's contrary argument rests on a single phrase taken out of context and omits consideration of the remaining language in the statutory definition—in particular, the final phrase, "*under the supervision of a local school board*," which qualifies the meaning. *See* § 30-7-2.1(B)(1).

**{17}** Defendant urges us look beyond the language of the statute and address the constitutional implications and other methods of statutory construction because "such considerations normally must be taken into account and certainly should be taken into account here." Defendant, however, has not sufficiently developed his constitutional or statutory construction arguments, and we decline to consider them here. *State v. Cain*, 2019-NMCA-059, ¶ 23, 450 P.3d 452 (observing that appellate courts are under no obligation to review unclear or undeveloped arguments). Based on the undisputed facts in this case, we conclude the evidence was sufficient to sustain Defendant's conviction for unlawfully carrying a deadly weapon on school premises.

**{18}** In light of our holding, it is unnecessary to address the remaining issues raised in this appeal.

**CONCLUSION**

**{19}** For the foregoing reasons, we reverse Defendant's convictions for aggravated assault upon a peace officer and remand for a new trial on both counts. We otherwise affirm Defendant's conviction for unlawful carrying of a deadly weapon on school premises.

**{20} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**