This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41354**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**PHILLIP GARCIA a/k/a PHILLIP A. GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Joseph Montano, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Peter James O'Connor, Assistant Solicitor General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}** Defendant was convicted by a jury for larceny, contrary to NMSA 1978, Section 30-16-1 (2006), impersonating a peace officer, contrary to NMSA 1978, Section 30-27-2.1 (1999), and resisting, evading or obstructing a peace officer, contrary to NMSA 1978, Section 30-22-1(B) (1981), after stealing two car batteries from an AutoZone in Albuquerque, New Mexico. Defendant appeals, arguing that the State failed to present

sufficient evidence to support his convictions for impersonating a peace officer and resisting, evading or obstructing a peace officer. We affirm.

## DISCUSSION

### I.      Impersonating a Peace Officer

**{2}**      The jury was instructed that in order to find Defendant guilty of impersonating a peace officer, Defendant must have (1) pretended to be a peace officer, and (2) intended to deceive another person. *See* § 30-27-2.1(A)(2). Defendant contends the State failed to present sufficient evidence to prove either operative element of the crime.

**{3}**      "To determine whether the evidence presented was sufficient to sustain the verdict, we must decide whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Jimenez*, 2017-NMCA-039, ¶ 23, 392 P.3d 668 (internal quotation marks and citation omitted). "We view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *Id.* (internal quotation marks and citation omitted). "We do not reweigh the evidence and may not substitute our judgment for that of the fact finder, so long as there is sufficient evidence to support the verdict." *Id.* (internal quotation marks and citation omitted).

**{4}**      As to the first element of the offense, Defendant conceded in his opening and closing statements at trial that he pretended to be a peace officer. The evidence supports this concession. The State presented evidence that at the time Defendant entered the AutoZone he was wearing a black baseball cap with a sheriff's badge embroidered on the front and the words "deputy crew" embroidered on the side. In addition, Defendant had a badge hanging around his neck displaying the words "East Mountain Protectors" surrounding the seal of the State of New Mexico. In conjunction with Defendant's admission that in donning these accessories he was pretending to be a peace officer, we conclude this evidence was sufficient to support the first element of the crime of impersonating a peace officer.

**{5}**      Turning to the second element, Defendant argues that there was insufficient evidence presented to establish that he intended to deceive another person. Defendant argues that this Court should interpret the intent element to require fraudulent intent, which, according to Defendant, would require a showing that Defendant intended to induce another party to believe he was a peace officer for some benefit, or a showing of detrimental reliance. Regrettably, the State did not respond to this argument in its answer brief. Nevertheless, we decline Defendant's requested construction in light of the plain language and purpose of the statute. *See generally State v. Duhon*, 2005-NMCA-120, ¶ 11, 138 N.M. 466, 122 P.3d 50. In *State v. Ramos-Arenas*, 2012-NMCA-117, ¶ 13, 290 P.3d 733, this Court observed that "[t]he principal objective of our statutory provision is to protect the public from being harmed or deceived into believing a person is a peace officer and has the authority to act in an official capacity, when in

fact, there is no such authority to do so." By its plain terms, Section 30-27-2.1 requires that Defendant possess an intent to deceive another person into believing that Defendant was a peace officer. The statute does not require that the person actually believe that Defendant was, in fact, a peace officer, or that a person rely upon that belief to their detriment.

**{6}** In this case, the State presented sufficient evidence to establish Defendant's intent. *See State v. Guerra*, 2012-NMSC-027, ¶ 13, 284 P.3d 1076 ("[I]ntent is subjective and is almost always inferred from other facts in the case, as it is rarely established by direct evidence." (internal quotation marks and citation omitted)). Defendant entered the store wearing a badge around his neck that appeared to be part of the typical uniform worn by a peace officer, and, in the process of leaving the store, showed a clerk a gun and told the clerk "not to try it." The clerk testified that Defendant "looked like some type of law enforcement" and when he called to report the theft, the clerk told the dispatcher that "a gentleman who looked like some type of law enforcement" had just stolen two batteries. The jury could reasonably infer from all of the facts and circumstances that Defendant's intent in wearing the badge and hat into the store was to deceive the store employees into believing that he was a peace officer. *See id.*

**{7}** Lastly, we reject Defendant's argument that the crime of impersonating a peace officer might unfairly be construed to include "wearing realistic looking Halloween costumes, or attire including hats, badges, and weapons worn by repossession agents and private security guards" if intent to deceive is not sufficiently defined to include some benefit to the person accused of the crime of impersonating a peace officer. However, those facts are not before us—there is no evidence in the record that Defendant's act of pretending to be a peace officer was intended to be mere costume or that he was prosecuted for wearing articles of clothing that were part of a work uniform. We decline to conclude the statute is overbroad, or adopt a restrictive reading of the intent requirement, based on Defendant's hypothetical.

**{8}** For all of these reasons, we conclude the State presented sufficient evidence to establish both elements of the offense, and therefore, we affirm Defendant's conviction for impersonating a peace officer.

## II.    Resisting, Evading or Obstructing an Officer

**{9}** Defendant also asserts that the State presented insufficient evidence to support his conviction for resisting arrest. For this charge, the jury was instructed that it must find:

1.    Deputy Sandoval was a peace officer in the lawful discharge of duty;

2.    [D]efendant knew Deputy Sandoval was a peace officer;

3.      [D]efendant, with the knowledge that Deputy Sandoval was attempting to apprehend or arrest . . . [D]efendant, fled, attempted to evade or evaded Deputy Sandoval;

4.      This happened in New Mexico on or about the 6th day of August, 2022.

Defendant disputes only whether the evidence presented was sufficient to establish the third element.

**{10}**   Defendant first asserts that walking into his house did not constitute fleeing, attempting to evade, or evading because Deputy Sandoval lacked reasonable suspicion that Defendant had committed a crime, and therefore, Defendant was free to walk away. "While a person has the constitutional right to walk away from an officer who lacks reasonable suspicion and simply wants to question the person, a person who walks away from an officer attempting to detain that person based on reasonable suspicion can be charged with evading and eluding an officer under Section 30-22-1(B)." *State v. Gutierrez*, 2007-NMSC-033, ¶ 31, 142 N.M. 1, 162 P.3d 156. Thus, whether Defendant was free to walk away depends on whether Deputy Sandoval had reasonable suspicion to initiate the stop.

**{11}**   To answer this question, this Court must consider the totality of the circumstances to determine whether Deputy Sandoval had a "particularized and objective basis for suspecting the particular person stopped of criminal activity." *State v. Martinez*, 2020-NMSC-005, ¶ 19, 457 P.3d 254 (internal quotation marks and citation omitted). In this case, the State presented evidence that when Defendant walked out of the AutoZone, he got into a white, two-door Mercedes-Benz. Deputy Sandoval testified that he was on patrol in the area when he reviewed a pending call regarding a shoplifting at the AutoZone nearby and that a male suspect had left the scene in a white, two-door Mercedes-Benz. Deputy Sandoval saw a car matching that description drive by and followed it until it parked at a house approximately one quarter-mile up the road. He pulled his patrol car in behind the Mercedes-Benz, engaged his emergency equipment, and exited his vehicle to speak to the occupants of the Mercedes-Benz.

**{12}**   Defendant argues that Deputy Sandoval lacked reasonable suspicion to detain Defendant because Deputy Sandoval had no description of the individual involved in the robbery and lacked distinguishing identifiers for the Mercedes-Benz such as a "license plate color or number, damage to [the] vehicle, [or] number of occupants." However, Defendant has not established that a description of the individual involved, a description of the license plate, or information regarding the number of occupants are necessary in every case. Indeed, information regarding a vehicle's make and model, general location, and the vehicle's relationship to likely unlawful activity has been deemed sufficient to give rise to reasonable suspicion for a stop. *See, e.g.*, *State v. Tidey*, 2018-NMCA-014, ¶¶ 22-23, 409 P.3d 1019 (concluding an officer had reasonable suspicion to conduct a traffic stop based on a description of the color and model of a vehicle, its location and direction on a specific street). In this case, Deputy Sandoval received a description of

the make and color of the vehicle and the location of the crime, and responded after seeing a vehicle matching the description shortly thereafter in the same general location. Those facts are enough in this case to conclude that Deputy Sandoval had reasonable suspicion to briefly detain Defendant to ascertain whether he was the individual who had taken the batteries from the AutoZone.

**{13}** Defendant also contends that walking into the house did not constitute evading because Defendant did not attempt to surreptitiously try to escape. We disagree. In *Jimenez*, 2017-NMCA-039, this Court said that conduct will support a conviction under Section 30-22-1(B) if the defendant engages in "an affirmative physical act to move and/or stay away from an officer in order to avoid capture altogether." *Id.* ¶ 37. This includes backing or walking away. *See Gutierrez*, 2007-NMSC-033, ¶ 31; *State v. Diaz*, 1995-NMCA-137, ¶ 17, 121 N.M. 28, 908 P.2d 258 (stating that evidence the defendant was backing away from officers would have supported a finding that the defendant was attempting to evade arrest in violation of Section 30-22-1(B)).

**{14}** Finally, Defendant asserts that he did not "subjectively kn[o]w the officer was attempting to apprehend him." Having already determined that Deputy Sandoval had reasonable suspicion to briefly detain Defendant for additional questioning, and Defendant having failed to assert that Deputy Sandoval did not objectively exhibit a sufficient "show of authority" for a reasonable person to understand that "he was being ordered to restrict his movement," we turn to Defendant's assertion that he did not know Deputy Sandoval was attempting to apprehend him. *See Gutierrez*, 2007-NMSC-033, ¶ 34. The jury in this case could reasonably have inferred Defendant's subjective knowledge based on the facts and circumstances at the time of the stop. *See id.* ¶ 36. At the moment Defendant got out of the Mercedes-Benz, an officer in a fully marked patrol unit had parked behind him in the driveway and engaged its emergency equipment. The jury could infer from this evidence that Defendant knew that he was not free to leave. *See id.*

**{15}** For all of these reasons, we conclude that sufficient evidence supports Defendant's conviction for resisting, evading or obstructing an officer under Section 30-22-1(B).

**CONCLUSION**

**{16}** We affirm.

**{17} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Chief Judge**

**JANE B. YOHALEM, Judge**